UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RANDY LAFITTE** | **CIVIL ACTION NO. 10-1106-P** |
| **VERSUS** | **JUDGE WALTER** |
| **BRANDON ORTIZ, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Randy LaFitte ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on June 25, 2010. Plaintiff is incarcerated at the East Carroll Detention Center in Lake Providence, Louisiana. He names Detective Brandon Ortiz, Detective Thigpen, Sgt. Duncan, Unknown Insurance Company, and Parole Agent One as defendants.

Plaintiff claims that on September 15, 2008, he filed a report with the Shreveport Police Department concerning the unauthorized use of his vehicle. He claims that on October 27, 2008, he mailed a request to the Shreveport Police Department Property Crimes Supervisor to have a detective assigned to his complaint.

Plaintiff claims Detective Brandon Ortiz interviewed him at the Caddo Correctional Center regarding his complaint. He claims he provided Detective Ortiz with the name and address of the suspect, the location of his vehicle, and the fact that the suspect was on parole in Texas. Plaintiff claims that on November 17, 2008, he provided Detective Ortiz with additional evidence regarding the crime.

Plaintiff claims that from November 20, 2008 until October 2009, he made numerous attempts to contact Detective Ortiz but was unsuccessful.

Plaintiff claims that on December 3, 2009, Commander Wyche contacted Detective Ortiz regarding the status of his complaint. He claims Commander Wyche informed him that Detective Ortiz was working on getting an arrest warrant signed by a judge. He claims Commander Wyche also provided him with Detective Ortiz's cell phone number. Plaintiff claims that when he called Detective Ortiz, he advised him not to call him on his cell phone again.

Plaintiff claims Detective Thigpen gave the suspect illegal instructions regarding the unauthorized use of his vehicle.

Plaintiff claims he contacted Sgt. Duncan and informed him that Detective Ortiz was handling his complaint differently than those of other crime victims and that Detective Thigpen interfered with his complaint.

Plaintiff claims that on February 8, 2009, he submitted a request to Detective Ortiz asking that an arrest be made. He claims that in May 2009, an arrest was made.

Plaintiff claims Parole Agent One was notified that a crime was committed by a parolee under his supervision. He claims Parole Agent One was notified in May 2009 that an arrest warrant had been issued for a parolee under his supervision. Plaintiff claims Parole Agent One intentionally failed to arrest the parolee under his supervision.

Plaintiff claims Defendants violated his constitutional rights, caused him to lose his vehicle, and caused him to suffer mental stress and depression.

As relief, he seeks monetary compensation.

For the reasons stated below, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

The refusal or failure of a law enforcement agency to investigate or seek criminal charges against an individual does not state a cognizable claim under 42 U.S.C. § 1983. The decision whether or not to bring criminal charges rests solely with the prosecutor. The Court does not institute criminal prosecutions. Plaintiff does not have a constitutional right to have anyone criminally prosecuted. See U.S. v. Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990); Jefferies v. Allen, 2009 WL 536051 (W.D.La.).

Accordingly, Plaintiff's claims are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in fact and law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 8th day of December 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE